NIGHT BOX FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2000 MAY -4 PM 4: 22

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

NORMA TYREE,

    Plaintiff,

vs.                                      Case No. 99-1586-CIV-ORL-19A

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA; DAVID E.
SAWYER, in his official capacity as
Superintendent of Brevard County
Public Schools,

    Defendant.

GRANTED and SO ORDERED this ____ day of _____, 2000.

PATRICIA C. FAWSETT
United States District Judge

## UNOPPOSED MOTION TO AMEND COMPLAINT

Plaintiff, by and through undersigned counsel, respectfully requests that the Court to amend her complaint. In support of her motion, Plaintiff states the following:

1. Plaintiff filed her original complaint on December 13, 1999.

2. Defendant School Board of Brevard County, after being served on April 5, 2000, served on Plaintiff its answer.

3. Plaintiff wishes to add as a defendant David E. Sawyer, in his official capacity as superintendent of Brevard County public schools. It is Plaintiff's belief that Mr. Sawyer is a necessary party in view of his powers under Section 230.32, Florida Statutes. Those powers include, among other things, general oversight over the district school system and the power to advise, counsel and make recommendations to the school board. Given those powers, the school superintendent would likely have a share of responsibility over implementation of accommodations and accessibility needs of wheelchair-dependent persons such as Plaintiff. Furthermore, Plaintiff

SCANNED

believes that any remedial order that the Court may issue in this case should be directed to the superintendent, as well as the school board, in view of the superintendent's oversight over problems and needs of the school district and duty to ensure compliance with rules and standards. *See* §230.32, Fla. Stat.

4. Plaintiff also needs to amend the complaint to include within her prayers for relief requests for fees and costs, which were inadvertently omitted from the original complaint. Failure to so amend her prayers for relief potentially could result in Plaintiff being denied fees and costs if she prevails in this lawsuit.

5. Plaintiff also wishes to correct a citation error in the original complaint. The citation error can cause needless confusion in the litigation.

6. In addition to the changes above, the amended complaint corrects grammatical errors, clarifies ¶¶8 and 23, and conforms the complaint to the addition of the second defendant.

7. Defendant will not be prejudiced by these changes.

8. A copy of Plaintiff's proposed amended complaint is attached.

WHEREFORE, Plaintiff respectfully requests that the Court permit her to amend her complaint and accept filing of the attached proposed amended complaint.

### Certificate of Conference

Plaintiff and defense counsel have conferred in good faith regarding the instant motion. Defense counsel does not oppose the motion. However, defense counsel, does not believe addition of the superintendent to the complaint serves any purpose, and, accordingly, may after the amended complaint is filed serve a motion on that issue.

### Memorandum

Fed. R. Civ. P. 15(a) permits Plaintiff to file an amended complaint with leave of court. For

the reasons stated above, Plaintiff has shown good cause for adding the school superintendent to the complaint, amending her prayers for relief to include fees and costs, and correct a citation error. Furthermore, defense counsel, although reserving the right to object later to the addition of the superintendent as a party, does not oppose Plaintiff's motion. Accordingly, Plaintiff respectfully requests that the Court grant the motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Michael H. Bowling, Esq., Bell, Leeper & Roper, P.O. Box 3669, Orlando, FL 32802 by U.S. mail this 4th day of May, 2000.

Respectfully submitted,
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone No. (407) 422-1400

By: _____
for: Joseph Egan, Jr.
Florida Bar No. 180102

_____
Kathryn S. Piscitelli
Florida Bar No. 368598