FILED

00 MAY -9 PM 12: 46
# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NORMA TYREE,

    Plaintiff,

vs.

                          Case No. 99-1586-CIV-ORL-19A
                          Jury Trial Demanded

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA; DAVID E.
SAWYER, in his official capacity as
Superintendent of Brevard County
Public Schools,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, NORMA TYREE, by and through her undersigned counsel, hereby files this Complaint and sues Defendants SCHOOL BOARD OF BREVARD COUNTY, FLORIDA, and DAVID E. SAWYER, in his official capacity as Superintendent of Brevard County Public Schools, for violations of federal and state law and would further show:

### General Allegations

1. Plaintiff, NORMA TYREE, is a natural person who resides in Brevard County, Florida.

2. Defendant School Board of Brevard County, Florida, is the school board that governs the public schools in Brevard County, Florida. Defendant David E. Sawyer is the Superintendent of the Brevard County public schools.

3. At the times relevant to this suit, Plaintiff was employed by Defendants as a school psychologist. Plaintiff's employment commenced on January 4, 1994.

4. Plaintiff is currently on indefinite medical leave from her employment with Defendants.

5. Plaintiff was stricken with polio as a child, which resulted in impairment of the use of her legs.

6. At the times relevant to this lawsuit, Plaintiff used a wheelchair.

7. In October 1997, Plaintiff filed a complaint with the Office of Civil Rights of the United States Department of Education ("OCR") in which she cited accessibility problems that she was experiencing at Brevard County educational facilities.

8. In response to Plaintiff's and another individual's complaints, OCR conducted in an on-site investigation in January 1998 of the facilities about which Plaintiff and the other person had complained. The inspection confirmed a number of the deficiencies noted in the complaints. As a result of the findings, OCR entered into a compliance agreement with Brevard County School District, which required the School District to correct the problems by January 30, 1999.

## Jurisdiction and Venue

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 and 42 U.S.C. §§12133 and 12203(c) for Plaintiff's claims arising under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* This Court has jurisdiction under 28 U.S.C. §§ 1331, 2201 and 2202 and 29 U.S.C. §794a for Plaintiff's claims arising under the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.* For Plaintiff's claims arising under the Florida Civil Rights Act of 1992, this Court has jurisdiction under 28 U.S.C. §1367(a).

10. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), as the events giving rise to this lawsuit occurred in Brevard County, Florida.

## Americans with Disabilities Act Claims

11. This is an action for violation of Plaintiff's rights under the Americans with Disabilities

Act, 42 U.S.C. §12101 *et seq.* ("ADA"). Specifically, Plaintiff is alleging violations of 42 U.S.C. §§ 12132 and 12203.

12. Defendants are a "public entity" within the meaning of the ADA.

13. At all times relevant to this suit, Plaintiff had a "disability."

14. At all times relevant to this suit, Plaintiff was a "qualified individual with a disability."

15. Defendants, through their agents, unlawfully discriminated against Plaintiff by failing to reasonably accommodate her disability, including, but not limited to, failing to make its facilities readily accessible to and usable by wheelchair-dependent persons.

16. Defendants unlawfully discriminated against Plaintiff by participating in a contractual arrangement that had the effect of subjecting Plaintiff to discrimination.

17. Defendants unlawfully violated Plaintiff's rights by making a prohibited medical inquiry.

18. Defendants unlawfully retaliated against Plaintiff because of her requests for reasonable accommodations, her complaint to OCR, and her opposition to Defendants' discrimination against others.

19. Defendants' discrimination against Plaintiff was intentional.

20. In violating Plaintiff's rights, Defendants acted maliciously or with reckless indifference to Plaintiff's rights.

21. As a result of Defendants' violations of Plaintiff's rights, Plaintiff has experienced pain, suffering, humiliation, inconvenience, emotional distress, and a deterioration of her physical health.

WHEREFORE, Plaintiff respectfully requests the following: compensatory damages; punitive damages; declaratory relief; attorney fees; costs; and such other relief as the Court deems appropriate.

Plaintiff demands a jury trial.

## Rehabilitation Act Claims

22. This is an action for violation of Plaintiff's rights under the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.* Specifically, Plaintiff is alleging violations of 29 U.S.C. §794.

23. The Brevard County public school system is a "program or activity receiving Federal financial assistance" within the meaning of the Rehabilitation Act.

24. Plaintiff incorporates by reference the allegations made at ¶¶13-21.

WHEREFORE, Plaintiff respectfully requests the following: compensatory damages; punitive damages; declaratory relief; attorney fees; costs; and such other relief as the Court deems appropriate.

Plaintiff demands a jury trial.

## Florida Civil Rights Act Claims

25. This is an action for violation of Plaintiff's rights under the Florida Civil Rights Act of 1992.

26. At all relevant times, Plaintiff was an individual with a "handicap."

27. At all relevant times, Plaintiff was a qualified individual with a handicap.

28. Defendants are "employers" within the meaning of the Florida Civil Rights Act.

29. Plaintiff incorporates by reference the allegations made at ¶¶15-21.

30. Plaintiff timely filed a complaint with the Florida Commission on Human Relations.

31. Plaintiff timely filed her Florida Civil Rights Act claims with this Court.

WHEREFORE, Plaintiff respectfully requests the following: compensatory damages; declaratory relief; attorney fees; costs; and such other relief as the Court deems appropriate.

Plaintiff demands a jury trial.

Respectfully submitted,

EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone No. (407) 422-1400

By: _____
For: Joseph Egan, Jr.
Florida Bar No. 180102

_____
Kathryn S. Piscitelli
Florida Bar No. 368598