RIGHT BOX FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2000 JUN 12 PM 4: 38

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

NORMA TYREE,

    Plaintiff,

vs.                              Case No. 6:99-CV-1586-28A

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA, and DAVID E.
SAWYER, in his official capacity as
Superintendent of Brevard County Public
Schools,

    Defendants.
_____/

## RESPONSE TO "DEFENDANT, DAVID E. SAWYER'S, MOTION TO DISMISS FIRST AMENDED COMPLAINT"

    Plaintiff, by and through undersigned counsel, opposes Defendant David E. Sawyer's motion to dismiss Plaintiff's official capacity claims against him.

*The Superintendent Is a Necessary Party*

    The instant lawsuit concerns allegations that Plaintiff, a wheelchair-bound psychologist employed in the Brevard County public school system, suffered employment discrimination on the basis of her disability with respect to job accommodations and access to school facilities. Sawyer, in his capacity as Superintendent of Brevard County Public Schools, is a necessary party defendant in the litigation in view of his powers and duties under Florida law.

    The Superintendent is a constitutional officer under Florida's Constitution and holds the key function of executive officer of the school board. *See* Article IX, Section 5, Florida Constitution; § 230.321, Fla. Stat. He is vested with responsibility for the administration and management of the

schools and for the supervision of instruction in the school district. § 230.03(3). Among the Superintendent's specific powers and duties are general oversight over the district school system; authority to advise, counsel and make recommendations, including recommendations concerning personnel, to the school board; the power to nominate new hires; the duty to recommend to the School Board financial measures, including tax levies necessary to provide funds needed for the maintenance of the schools; and responsibility for ensuring execution of rules and compliance with standards. *See* §§ 230.32, 230.33(6)-(7), 12, Fla. Stat.

Significantly, the Superintendent plays a role independent of the School Board in dealing with personnel matters. *See* §§ 230.33(7). For instance, the School Board does not hire or appoint employees without the nomination of the Superintendent. §§ 230.23(5)(a)-(b); 230.33(7)(a). As Florida's Fifth District Court of Appeals pointed out, "the decision to nominate or not to nominate is the superintendent's and the burden of any tort committed in connection with that decision is the superintendent's." *Cox v. School Board of Osceola County*, 669 So.2d. 353, 354 (Fla. 5th DCA, 1993).

Given the Superintendent's powers and duties, the school superintendent likely plays a role in decisions concerning provision of job accommodations for employees with disabilities and compliance with federal and state accessibility requirements. Thus, the Superintendent may be implicated in the discrimination of which Plaintiff complains. Further, the Superintendent's powers and responsibilities make his presence necessary for assurance that complete remedial relief is obtained. Any remedial order that the Court may issue in this case should be directed to the superintendent, as well as the School Board.

Federal courts have found school superintendents with similar powers to be proper parties

in discrimination suits brought by school personnel. *See, e.g., Floyd v. Trice*, 490 F.2d 1154, 1157 ("Indeed, the Superintendent of Schools is a proper party when it is alleged that the schools which he heads are guilty of discriminatory policies.") (citing *Cooper v. Aaron*, 358 U.S. 1 (1958); *Alston v. School Bd. of City of Norfolk*, 112 F.2d 992, 997 ("[T]here can be no question as to the propriety of joining the Superintendent of Schools with the Board as a party defendant, as teachers are employed on the recommendation of the Superintendent; he requests the City Council to fix the tax levy so As to net the amount necessary for the operation of the schools; and he is named by the statute as one of those charged with administration of the schools.").

### *Busby Is Distinguishable*

The Eleventh Circuit's *Busby* decision that Sawyer cites is distinguishable. The portion of *Busby* cited in Sawyer's motion concerned redundancy of suing both a municipality and municipal officers in a lawsuit under 42 U.S.C. § 1983 when the actually intended defendant is the municpality. The court reasoned that "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quotation marks and citation omitted). However, the instant suit has been brought under statutes other than Section 1983. Furthermore, whereas the defendants in *Busby* were a city and police department officers (the police chief, a major, a captain, and a lieutenant), those in this lawsuit are a school board and a superintendent who serves as the school board's executive officer. Moreover, the superintendent, unlike the officers in *Busby*, is not a redundant defendant. The role of a school superintendent under Florida law cannot be compared to the role of municipal officers or employees. As discussed above, the superintendent's powers and duties implicate him in the merits of this disability

3

accommodation/accessibility lawsuit and necessitate that he be included in any remedial order.

*Conclusion*

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Sawyer's motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Michael H. Bowling, Esq., Bell, Leeper & Roper, P.O. Box 3669, Orlando, FL 32802 by U.S. mail this 12th day of June, 2000.

Respectfully submitted,

EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone No. (407) 422-1400

By: _____
for: Joseph Egan, Jr.
Florida Bar No. 180102

_____
Kathryn S. Piscitelli
Florida Bar No. 368598