NORMA TYREE,

Plaintiff,

-vs-                                                                  Case No.: 6:99-cv-1586-Orl-19A

SCHOOL BOARD OF BREVARD
COUNTY, FLORIDA,

Defendant.

_____

## ORDER

Upon the Court's review of this case, it is ORDERED as follows:

1. Defendant School Board of Brevard County's Motion to Dismiss Plaintiff's Punitive Damages Claims Set Forth in the First Amended Complaint (Doc. 16), filed May 23, 2000, is GRANTED.

The Court recognizes that there is a split of authority on the issue of whether a governmental entity may be held liable for punitive damages under § 504 of the Rehabilitation Act and Title II of the ADA. *See Bartlett v. New York State Bd. of Law Examiners*, 970 F. Supp. 1094, 1152-53 (S.D.N.Y. 1997) (collecting cases), *affirmed in part, vacated in part*, 156 F.3d 321 (2nd Cir. 1998), *cert. granted, judgment vacated, case remanded*, 527 U.S. 1031 (1999). However, this Court agrees with those decisions disallowing such damages. *See Adelman v. Dunmire*, 1996 WL 107853 *4 (E.D. Pa. Mar. 12, 1996) (NO. CIV. A. 95-4039); *Winfrey v. City of Chicago*, 957 F. Supp. 1014, 1024-25 (N.D. Ill. 1997); *Harrelson v. Elmore County, Ala.*, 859 F. Supp. 1465, 1468-69 (M.D. Ala. 1994); *Outlaw v. City of Dothan, Ala.*, 1993 WL 735802 * 5 (M.D. Ala. Apr. 27, 1993) (NO. CV-92-A-

1219-S). The Court believes the same result should apply to Plaintiff's retaliation claim. The imposition of punitive damages liability on public entities, which liability must ultimately be borne by the taxpayers, is inconsistent with the rationale and spirit of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

2. Defendant David E. Sawyer's Motion to Dismiss First Amended Complaint (Doc. 15), filed May 23, 2000, is GRANTED. The "official capacity" claims against Sawyer are redundant, since the School Board is also named as a defendant. *See Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1403 (M.D. Ala. 1998) (*citing Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991)); *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949, 952 (S.D. Ala. 1994) (*citing Busby*). Sawyer is dismissed as a party to this action.

3. Defendant School Board of Brevard County's Motion to Strike (Doc. 7), filed April 19, 2000, is MOOT.

**DONE and ORDERED** in Orlando, Florida this 28th day of November, 2000.

ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

AO 72A
(Rev.8/82)